UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| PROCON ANALYTICS, LLC, | ) | |
|---|---|---|
| Plaintiff / Counter-Defendant, | ) ) ) | |
| v. | ) ) | Case No. 3:19-cv-00201-PLR-HBG |
| SPIREON, INC. | ) ) ) | JURY DEMAND |
| Defendant / Counter-Claimant. | ) ) | Honorable Judge Reeves |

# SPIREON, INC.'S ANSWER TO
# PROCON ANALYTICS, LLC'S FIRST AMENDED COMPLAINT

Spireon, Inc. ("Spireon"), by and through counsel, answers the allegations of Plaintiff Procon Analytics, LLC's ("Procon") First Amended Complaint as follows:

1. Upon information and belief, admitted.

2. Spireon admits that it is a Tennessee corporation and that it has offices in Irvine, California and in Knoxville, Tennessee.

3. Admitted.

4. It is admitted that Spireon, through counsel in Tennessee, sent Procon a letter on April 2, 2019, expressing Spireon's concerns that Procon and its affiliated entities were or had been making, selling, and/or offering products and services that infringe at least one claim of the '598 Patent. Additionally, it is admitted that a copy if that letter is attached in Exhibit 1 to the Complaint. Spireon lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 4.

5. It is admitted that Spireon, through counsel in Tennessee, sent a letter to Procon Analytics on April 25, 2019, following up on Spireon's letter dated April 2, 2019, regarding the '598 Patent. It is further admitted that a copy of that letter is

attached in Exhibit 2 to the Complaint. Spireon lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in Paragraph 5.

6. Admitted.

7. Spireon admits that Procon purports to bring an action for declaratory judgment under the Declaratory Judgment Act. Spireon otherwise denies the allegations of Paragraph 7 and specifically denies that Procon is entitled to declaratory or any further relief.

8. Spireon admits that this Court has jurisdiction over this action. Spireon otherwise denies the allegations of Paragraph 8.

9. It is admitted that the Court has personal jurisdiction over Spireon in this matter.

10. It is admitted that venue is proper in this Court.

## U.S. PATENT NO. 10,089,598

11. Admitted.

12. It is admitted that the application for the '598 Patent was filed on April 21, 2015, and that its serial number is 14/692,598. It is further admitted that said application was a continuation-in-part application of application No. 12/505,325, filed on July 17, 2009. Any remaining allegations in Paragraph 12 are denied.

13. It is admitted that the '598 patent includes one independent claim and fourteen total claims.

14. Paragraph 14 is a legal conclusion to which no response is required. To the extent a response is required, Spireon admits that the '598 Patent was filed on April 21, 2015 and otherwise denies the allegations of Paragraph 14.

15. Denied.

16. Paragraph 16 is a legal conclusion to which no response is required. To the extent a response is required, Spireon denies the allegations of Paragraph 16.

2

17. Denied.

18. It is admitted that the list of "References Cited" on the '598 Patent contains patent documents filed or published after July 17, 2009. All other allegations in Paragraph 18 are denied.

19. Paragraph 19 is a legal conclusion to which no response is required. To the extent a response is required, Spireon denies the allegations of Paragraph 19.

20. Paragraph 20 is a legal conclusion to which no response is required. To the extent a response is required, Spireon denies the allegations of Paragraph 20.

21. Paragraph 21 is a legal conclusion to which no response is required. To the extent a response is required, Spireon denies the allegations of Paragraph 21.

## PROCON'S ACTIVITIES

22. As set forth in its Counterclaims, Spireon believes that Procon makes, sells, and offers for sale products and services for managing vehicle inventory for dealerships that infringements on certain claims of the '598 Patent. Spireon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22.

23. As set forth in its Counterclaims, Spireon believes that Procon makes, sells, and offers for sale products and services for managing vehicle inventory for dealerships that infringements on certain claims of the '598 Patent. Spireon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23.

24. As set forth in its Counterclaims, Spireon believes that Procon makes, sells, and offers for sale products and services for managing vehicle inventory for dealerships that infringements on certain claims of the '598 Patent. Spireon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 24.

3

25. As set forth in its Counterclaims, Spireon believes that Procon makes, sells, and offers for sale products and services for managing vehicle inventory for dealerships that infringements on certain claims of the '598 Patent. Spireon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25.

26. As set forth in its Counterclaims, Spireon believes that Procon makes, sells, and offers for sale products and services for managing vehicle inventory for dealerships that infringements on certain claims of the '598 Patent. Spireon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 26.

### EXISTENCE OF AN ACTUAL CONTROVERSY

27. Exhibits 1 and 2 speak for themselves. To the extent Paragraph 27 attempts to restate or characterize those Exhibits, such restatement or characterization is denied.

28. Spireon is without information belief as to which "dealers and customers" Paragraph 28 is referencing and therefore lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28. To the extent Spireon sent letters to such "dealers or customers," such letters speak for themselves. To the extent Paragraph 28 attempts to restate or characterize those letters, such restatement or characterization is denied.

29. Paragraph 29 is a legal conclusion to which no response is required. To the extent a response is required, Spireon admits there is a justiciable controversy.

30. Denied.

4

## COUNT 1: DECLARATORY JUDGMENT OF NON-INFRINGEMENT

31. Spireon incorporates by reference its responses to the preceding allegations.

32. Paragraph 32 is a legal conclusion to which no response is required. To the extent a response is required, Spireon admits there is a justiciable controversy. Except as admitted, Spireon denies the remaining allegations of Paragraph 32 and specifically denies that Procon is entitled to declaratory relief or other further relief.

33. Paragraph 33 is a legal conclusion to which no response is required. To the extent a response is required, Spireon admits there is a justiciable controversy. Except as admitted, Spireon denies the remaining allegations of Paragraph 33.

34. As set forth in its Counterclaims below, Spireon believes that Procon makes, sells, and offers for sale products and services for managing vehicle inventory for dealerships that infringe on certain claims of the '598 Patent. Spireon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 34.

35. Spireon admits that claim 1 of the '598 Patent includes the language "in response to the location device becoming communicatively coupled with the vehicle, the location device transmitting a connection notice over a network, the connection notice comprising a vehicle identifier and a location device identifier." To the extent Paragraph 35 attempts to restate or characterize the '598 Patent, such restatement or characterization is denied.

36. As set forth in its Counterclaims, Spireon believes that Procon makes, sells, and offers for sale products and services for managing vehicle inventory for dealerships that infringe on certain claims of the '598 Patent. Spireon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 36.

37. Denied.

38. Spireon admits that claims 2 through 14 depend on independent claim 1. Spireon denies the remaining allegations of Paragraph 38, and specifically denies that Procon does not infringe any valid and enforceable claim of the '598 Patent.

39. Denied.

## COUNT 2: DECLARATORY JUDGMENT OF INVALIDITY

40. Spireon incorporates by reference its responses to the preceding allegations.

41. Paragraph 41 is a legal conclusion to which no response is required. To the extent a response is required, Spireon admits there is a justiciable controversy. Except as admitted, Spireon denies the remaining allegations of Paragraph 41.

42. Paragraph 42 is a legal conclusion to which no response is required. To the extent a response is required, Spireon admits there is a justiciable controversy. Except as admitted, Spireon denies the remaining allegations of Paragraph 42.

43. Paragraph 43 is a legal conclusion to which no response is required. To the extent a response is required, Spireon admits there is a justiciable controversy. Except as admitted, Spireon denies the remaining allegations of Paragraph 43 and specifically denies that Procon is entitled to declaratory relief or other further relief.

44. Spireon admits that U.S. Patent No. 8,452,673 is attached as Exhibit 4 and that the document speaks for itself. Except as admitted, the remaining allegations in Paragraph 44 are denied.

45. Spireon admits that U.S. Patent App. Pub. No. 2013/0033386 is attached as Exhibit 5 and that the document speaks for itself. Except as admitted, the remaining allegations in Paragraph 45 are denied.

46. Spireon admits that U.S. Patent No. 8,768,565 is attached as Exhibit 6 and that the document speaks for itself. Except as admitted, the remaining allegations in Paragraph 46 are denied.

6

47. Spireon admits that U.S. Patent No. 9,635,518 is attached as Exhibit 7 and that the document speaks for itself. Except as admitted, the remaining allegations in Paragraph 47 are denied.

48. Spireon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Spireon denies that Procon is entitled to any of the relief requested in the Paragraph beginning with "WHEREFORE."

58. Any allegation not previous admitted or denied is hereby denied.

## AFFIRMATIVE DEFENSES

1. Procon has failed to plead sufficient factual matter to state plausible claims for non-infringement or invalidity of the '598 Patent.

## COUNTERCLAIM

By way of counterclaim against Plaintiff, Spireon would respectfully show the Court as follows:

1. Spireon is a leader in the field of connected vehicle intelligence. Its suite of products facilitates the tracking, management, and protection of vehicles in various commercial applications and industries. In particular, Spireon offers GPS lot management solutions to the automotive dealer industry.

2. Like Spireon, Plaintiff Procon Analytics, LLC ("Procon") has been providing products and services for dealership vehicle inventory management. In particular, Procon's Connected Dealer Services ("CDS") product is a GPS cloud-based management system for dealer vehicle inventory. Procon also offers similar products to dealerships through various resellers.

3. Spireon is the owner of U.S. Patent No. 10,089,598 ("the '598 Patent") for "Methods and Apparatus for Monitoring and Control of Electronic Devices."

4. The '598 Patent was issued on October 2, 2018, based upon application number 14/692,598 filed on April 21, 2015. The application was a continuation-in-part of application number 12/505,325, which was filed on July 17, 2009, and is now U.S. Patent No. 9,516,394.

5. On information and belief, Procon learned of the '598 Patent prior to the filing of the present Complaint. For example, Procon alleges that it became aware of the '598 Patent at least as early as April 2, 2019, through correspondence received by Procon from Spireon.

6. Despite knowing of the '598 Patent and that its products and services infringe the '598 Patent, Procon has and continues to infringe the '598 Patent through making, selling, and offering for sale products and services for managing vehicle inventory for dealerships that infringe on certain claims of the '598 Patent, an/or through inducing or contributing to infringement by Procon's customers.

## Claims for Relief

7. The allegations in the following Count I have evidentiary support or are likely to have evidentiary support after Spireon has a reasonable opportunity for further investigation or discovery.

8

8. Upon information and belief, Procon has been making, selling, offering for sale, and/or importing, without license or authority from Spireon, CDS products that embody every limitation of claim 1 of the '598 patent.

9. Products and services identified herein are representative of Procon's infringing products and are not intended to be exhaustive. Additional products and services may be identified through discovery. Further, claim 1 of the '598 Patent identified below is merely representative and is not intended to reflect an exhaustive list of claims infringed by Procon's products and services.

### Count I: Infringement of the '598 Patent

10. Spireon repeats, realleges, and incorporates the allegations in Paragraphs 1–9 as if fully restated forth herein.

11. Procon has infringed and continues to infringe claims of the '598 Patent in violation of 35 U.S.C. § 271(a), either literally or under the Doctrine of Equivalents.

12. The '598 patent is valid and enforceable.

13. Procon's infringement includes, but is not limited to, the manufacture, use, sale, offer for sale, and/or importation of CDS products.

14. For example, Procon makes, sells, and offers for sale products and services for managing vehicle inventory for dealerships that infringe claim 1 of the '598 Patent. Claim 1 of the '598 Patent recites:

> A method for managing a vehicle inventory for a dealer implemented by a computer having a processor and a memory, the method comprising:
>
> [a] while a location device is not communicatively coupled with a vehicle, associating the location device with a dealer's group of available location devices in the memory, wherein the dealer's group of

      available location devices comprises location devices owned by the dealer that are not coupled with any vehicle;

[b] communicatively coupling the location device with a vehicle;

[c] in response to the location device becoming communicatively coupled with the vehicle, the location device transmitting a connection notice over a network, the connection notice comprising a vehicle identifier and a location device identifier;

[d] receiving, by the computer, the connection notice from the location device over the network;

[e] in response to the connection notice received by the computer, the processor:

    [1] associating the location device identifier with the vehicle identifier in the memory; and

    [2] disassociating the location device from the dealer's group of available location devices in the memory; and

[f] receiving, by the computer, current location information from the location device.

[Doc. 1-1, Page ID #40.]

    15. By way of example, Procon's website describes CDS as a cloud-based GPS technology company that provides GPS-based systems to help auto dealers manage inventory. Upon information and belief, as well as Procon's website and publicly available marketing materials:

(a) When a dealer places an order, CDS devices are assigned to the dealer's account and then shipped to the dealer. Each device has an electronic serial number that is associated with the dealer's account.

(b) The CDS devices are installed in vehicles.

(c) When a CDS device is installed and the vehicle is started, the CDS device read the vehicle's VIN and transmits the information.

(d) More specifically, the information is transmitted to the dealer portal.

(e) In response, the vehicle's VIN is assigned to the device's electronic serial number in the dealer's account. The device is associated with the vehicle identifier and thus is no longer part of the dealer's group of available devices.

(f) The device subsequently transmits location information to facilitate vehicle tracking.

16. The infringing CDS products provide a method for dealer vehicle inventory management. When a dealer places an order, CDS devices are associated with the particular dealer's account and become part of the dealer's group of available devices. CDS devices are communicatively coupled with vehicles via the installation process, which results in the transmission of vehicle and device identifiers. In response, the device identifier is associated with the vehicle identifier and is no longer part of the dealer's group of available devices. CDS devices subsequently transmit location information.

17. Each of the steps in Paragraph 14, above, is completed by or at the direction of Procon.

18. Procon will continue to directly infringe the '598 patent unless enjoined by the Court.

19. Procon's continued infringement of the '598 patent has harmed Spireon in the form of lost profits, loss of business opportunities, loss of goodwill, price erosion, and direct and indirect competition. Spireon has suffered and will continue to suffer monetary damages as a result of Procon's infringement of the '598 patent.

20. Procon has actual knowledge of the full contents of the '598 patent. Its prior and continuing infringement has been willful, wanton, and deliberate, justifying an award to Spireon of increased damages, attorneys' fees, and costs pursuant to 35 U.S.C. §§ 284–85.

## PRAYER FOR RELIEF

WHEREFORE, Spireon respectfully prays for the following relief:

A. Entry of judgment holding that Procon has infringed the '598 patent;

B. A preliminary and permanent injunction enjoining Procon, its officers, employees, agents, servants, attorneys, instrumentalities, and/or those in privity or acting in concert or participation with them from infringing the '598 patent;

C. An award of damages caused by Procon's infringement of the '598 patent, in an amount to be proven at trial, but not less than a reasonable royalty, plus costs and interest;

D. A determination that Procon's infringement has been willful, wanton, and deliberate and that the award of damages for Procon's infringement of the '598 patent be trebled in accordance with the law;

E. An award of Spireon's costs and reasonable attorneys' fees incurred in prosecuting this exceptional case, as provided in 35 U.S.C. § 285;

F. An accounting of all infringing sales and revenues, together with post-judgment and prejudgment interest from the first date of infringement of the '598 patent; and

G. Such further and other relief as the Court may deem proper and just.

Date: August 26, 2019					Respectfully submitted,

**PAINE, TARWATER and BICKERS LLP**

*/s/ Taylor A. Williams*
Taylor A. Williams (BPR #028172)
Email: taw@painetarwater.com
900 South Gay Street, Suite 2200
Knoxville, TN 37902
Telephone:	(865) 525-0880
Facsimile:	(865) 521-7441

**ROBINSON IP LAW, PLLC**
Mathew M. Googe (BPR #030164)
Email: mgooge@robinsoniplaw.com
9724 Kingston Pike, Suite 1102
Knoxville, TN 37922
Telephone:	(865) 978-6480
Facsimile:	(865) 978-6493

*Counsel for Defendant/Counter-claimant Spireon, Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that August 26, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

**PAINE, TARWATER and BICKERS LLP**

*/s/ Taylor A. Williams*
Taylor A. Williams (BPR #028172)